UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| WILLIAM PACKETT, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos.: | 3:12-CR-30-TAV-HBG-1 |
| | ) | | 3:14-CV-401-TAV |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## **MEMORANDUM OPINION**

Before the Court is Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docs. 20]. On February 11, 2016, this Court appointed Federal Defender Services of Eastern Tennessee (FDSET) to investigate Petitioner's case to determine whether or not he was entitled to collateral relief. E.D. Tenn. S.O. 16-02 (Feb. 11, 2016). FDSET filed a notice of conflict of interest and this Court appointed substitute CJA counsel [Docs. 21, 22]. Consistent with that appointment, counsel filed a supplement requesting collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague [Doc. 23]. The United States responded in opposition on August 11, 2016 [Doc. 26]. Petitioner did not reply and the time for doing so has now has lapsed. E.D. Tenn. L.R. 7.1, 7.2. For the reasons below, Petitioner's § 2255 motion will be **DENIED** and **DISMISSED WITH PREJUDICE**.

I.  BACKGROUND

In 2011, law enforcement officers caught Petitioner selling stolen firearms out of a stolen van [Presentence Investigation Report (PSR) ¶¶ 7–8]. He subsequently pled guilty to possessing

firearms as a felon, in violation of 18 U.SC. § 922(g)(1) [*Id.* ¶¶ 1–2]. Based on prior Tennessee convictions for burglary [Presentence Investigation Report (PSR) ¶ 33], robbery [*Id.* ¶ 35], and aggravated assault [*Id.* ¶ 52], the United States Probation Office deemed Petitioner to be an armed career criminal subject to the ACCA's enhanced fifteen-year mandatory minimum sentence. This Court agreed and sentenced Petitioner to 192 months' incarceration followed by five years' supervised release on October 17, 2012 [Doc. 17]. No direct appeal was taken.

Slightly less than two years later—on August 25, 2014, Petitioner filed a pro se request for collateral relief based on ineffective assistance of counsel [Doc. 20 (suggesting trial counsel deviated from professional norms when he failed to object to Petitioner's categorization as an armed career criminal based on the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013))]. On June 24, 2016, substitute CJA counsel supplemented Petitioner's pro se filing with a request for vacatur of sentence in light of the *Johnson* decision [Doc. 23].

## II.  TIMELINESS OF PETITIONER'S CLAIMS

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Supreme Court precedent makes clear that *Johnson*'s invalidation of the ACCA residual clause amounted to a new rule made

retroactively applicable on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1265 (U.S. 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition). Counsel submitted the supplement within subsection (f)(3)'s window.

### III.  STANDARD OF REVIEW

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings, *Reed v. Farley*, 512 U.S. 339, 353 (1994); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993), and he likewise bears the burden of articulating sufficient facts to state a viable claim for relief under 28 U.S.C. § 2255. A § 2255 motion may be dismissed if it only makes vague conclusory statements without substantiating allegations of specific facts and thereby fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972).

## IV. ANALYSIS

The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, [or] involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563. The Court went on to make clear, however, that its decision did "not call into question . . . the remainder of the [ACCA's] definition of violent felony," i.e., the use-of-physical-force and enumerated-offense clauses. *Id.* Nor did *Johnson* disturb the use of prior serious drug offenses as predicates.

The validity of Petitioner's sentence thus depends on whether three or more of his prior convictions qualify as "serious drug offenses" under § 924(e)(2)(A) or, in the alternative, "violent felonies" under one of the unaffected provisions of § 924(e)(2)(B). *See, e.g.*, *United States v. Ozier*, 796 F.3d 597, 604 (6th Cir. 2015) (explaining courts need not decide what import, if any, *Johnson* has on the Sentencing Guidelines' residual clause where the petitioner's prior convictions qualify as predicate offenses independent of the residual clause), *overruled on other grounds by Mathis v. United States*, 136 S. Ct. 2243, 2251 n. 1 (2016). To determine whether a particular offense qualifies as a violent felony under any of the prongs of the above

4

definition, courts must first identify the precise crime of conviction. *Descamps*, 133 S. Ct. at 2285. They do so by employing a "categorical approach," under which they look "only to the statutory definitions—elements—of a defendant's prior offense, and not to the particular facts underlying [each individual] conviction[]." *Id.* at 2283. When the conviction involves violation of a "divisible" statute—one which comprises multiple, alternative versions of the crime—courts resort to the "modified categorical approach" under which they "consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 2281.

As an initial matter, the Court notes that two of the three convictions designated as predicate offenses supporting ACCA enhancement were Tennessee convictions for burglary and robbery. Binding Sixth Circuit precedent makes clear that both offenses remain predicates after the *Johnson* decision; burglary under the enumerated-offense clause, *see United States v. Priddy*, 808 F.3d 676, 685 (6th Cir. 2015) (finding that post-1989 Tennessee Class D burglary is categorically a violent felony under the ACCA's enumerated offense clause),[1] and robbery under the use-of-physical-force clause, *see United States v. Mitchell*, 743 F.3d 1054, 1058–60 (6th Cir. 2014) (holding that all forms of Tennessee robbery are violent felonies under the ACCA's use-of-physical-force clause). The *Johnson* decision has no impact on either categorization.

---

[1] Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision. *See, e.g.*, *State v. Langford*, 994 S.W. 2d 126, 127–28 (Tenn. 1999). The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); (4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982); (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982). Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).

Further, Petitioner has failed to satisfy his burden of proof by demonstrating that this Court erred when relied on his aggravated assault conviction as the third ACCA predicate. At the time Petitioner committed the offense, Tennessee defined aggravated assault as follows:

(a) A person commits aggravated assault who:

    (1) Intentionally or knowingly commits an assault as defined in § 39-13-101 and;

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon; or

    (2) Recklessly commits an assault as defined in § 39-13-101(a)(1), and:

        (A) Causes serious bodily injury to another; or

        (B) Uses or displays a deadly weapon.

(b) A person commits aggravated assault who, being the parent or custodian of a child or the custodian of an adult, intentionally or knowingly fails or refuses to protect such child or adult from an aggravated assault as defined in subdivision (a)(1) or aggravated child abuse as defined in § 39-15-402.

(c) A person commits aggravated assault who, after having been enjoined or restrained by an order, diversion or probation agreement of a court of competent jurisdiction from in any way causing or attempting to cause bodily injury or in any way committing or attempting to commit an assault against an individual or individuals, intentionally or knowingly attempts to cause or causes bodily injury or commits or attempts to commit an assault against such individual or individuals.

Tenn. Code Ann. § 39-13-102 (2003). The statute went on to specify that a violation of "subdivision (a)(1) [was] a Class C felony," and that violation of "subdivision (a)(2) [was] a Class D felony." Tenn. Code Ann. § 39-13-102(d)(1) (2003).

The statute is divisible because it lists several different variants of the offense. *See, e.g.*, *United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014) (recognizing that Tenn. Code Ann. § 39-13-102 "can be offended in a number of ways"). Reference to Petitioner's certified state-

6

court judgment and PSR make clear that he was convicted of the Class C variant—intentionally assaulting another person with use of a deadly weapon, in violation of Tennessee Code Annotated § 39-13-102(a)(1) [Doc. 26-1 (listing offense as a Class C felony); PSR ¶ 52 (explaining that Petitioner attempted to run cashier at Kmart over with his vehicle after being confronted about shoplifting)].[2] Because that variant categorically involves the intentional or knowing use or threatened use of violent force, *see* Tenn. Code Ann. § 39-11-106(5) (2003) (defining "deadly weapon" as either "a firearm or anything manifestly designed, made or adapted for the purpose of inflicting death or serious bodily injury; or . . . [a]nything that in the manner of its use or intended use is capable of causing death or serious bodily injury"); *see also United States v. Arender*, 560 F. App'x 648, 649 (8th Cir. 2014) (finding that a Tennessee aggravated assault conviction based on display of a deadly weapon had "as an element the threatened use of physical force[,] . . . capable of causing pain or injury"), Petitioner's motion will be **DENIED**.

To the extent Petitioner suggests counsel deviated from professional norms by failing to object to ACCA enhancement at the sentencing hearing [Doc. 20 p. 2], the challenge fails because counsel cannot be held ineffective for failing to make a meritless objection. *See, e.g.*, *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010) (explaining that counsel cannot be held constitutionally ineffective for failing to raise a meritless objection). Further, to the extent that Petitioner suggests that counsel should have predicted what he characterizes as a change in the definition of violent felony, the Court disagrees. *See, e.g.*, *Green v. Johnson*, 116 F.3d 1115, 1125 (5th Cir. 1997) ("[T]here is no general duty on the part of defense counsel to anticipate

---

[2] Petitioner does not contest the accuracy of the information contained in his PSR, but only the propriety of the Court's decision to use the predicate offenses listed therein as grounds for ACCA enhancement. Regardless, he waived the ability to object to the PSR's factual summaries on collateral review when he failed to do the same at the original sentencing hearing. *See Levy*, 250 F.3d at 1018 (citing *United States v. Ward*, 190 F.3d 483, 492 (6th Cir. 1999)).

changes in the law."); *Alcorn v. Smith*, 781 F.2d 58, 62 (6th Cir. 1986) (noting non-egregious "errors such as failure to perceive or anticipate a change in the law . . . cannot be considered ineffective assistance of counsel"). As a result, that claim too fails as a matter of law.

IV. **CONCLUSION**

For the reasons discussed above, the § 2255 motion [Docs. 20, 23] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE ORDER SHALL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE